Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax: (916) 714-5054
e-mail: markwolff@wolffandwolff.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In Re:

Joseph Smith,

　　　　　　　　　　　Debtor.

Case #: 21-23522-A-7
MC#: WW-3
Chapter: 7 - Asset Case

Date: August 15, 2022
Time: 9:00 a.m.
Place: U.S. Bankruptcy Court
Department A
Courtroom 28, 7th Floor
501 I Street
Sacramento, CA 95814

MOTION TO COMPEL ABANDONMENT

　　Debtor, by and through his attorney Mark A. Wolff of Wolff and Wolff, hereby requests that the Court enter an order requiring the Chapter 7 Trustee to abandon property of the estate consisting of real property commonly known as 2518 U Street, Sacramento CA 95818 as follows:

1.　Debtor filed this case under Chapter 7 on or about October 8, 2021.

2.　At the time this case was filed Debtor owned and listed on schedule A/B assets including

Page 1

real property commonly known as 2518 U Street, Sacramento CA 95818 (hereinafter "U Street Property"). Such property was Debtor's principal residence at the time this case was filed, and Debtor continues to reside in such property. See Declaration of Joseph Smith which is being filed concurrently with this motion.

3. At the time this case was filed Debtor listed the total value of the U Street Property to be $575,000.00 and noted that the property is in need of repairs including needing a new roof and to finish an incomplete deck. Both interior work and exterior work is needed on the property. The front steps to the house need to be rebuilt, the fireplace needs to be replaced, and the kitchen and baths are outdated.

4. At the time this case was filed Debtor listed the value of his interest in the property at $28,750.00 based upon his belief that he has a 5% interest in such property.

5. On Schedule C, Debtor originally claimed his interest in the U Street Property as exempt utilizing the exemptions of CCP 703.140(b)(1) in the amount of $26,000.00.

6. This is Debtor's second motion to compel abandonment, the first bore Docket Control Number WW-2. The Chapter 7 Trustee opposed Debtor's first Motion To Compel Abandonment. In his opposition, the Trustee alleges that "The 2001 Grant Deed, at page 25 of the Debtor's Exhibits, reflects that he conveyed the residence jointly to himself and his mother without specification as to the percentage. As a matter of public record, therefore, his interest is at least 50%, not the 5% interest asserted in his declaration." Debtor disagrees with the trustee's conclusion that his interest is at least 50% as he identified his interest as a 5% interest on the Homestead Declaration filed on November 20, 2011, the same date as the Grant Deed.

7. After receipt of the Trustee's opposition, Debtor decided to change his exemptions in the case to utilize the California Homestead Exemption. As a result of the change in exemptions, Debtor and the Chapter 7 Trustee agreed that the first motion to compel abandonment (WW-2) be withdrawn. .

8. On March 9, 2022 Debtor filed an amended Schedule C which changed the exemptions to utilize the homestead exemption of CCP 704.730. Debtor now claims an exemption related to his real property commonly known as 2518 U Street, Sacramento CA 95818, in the amount of $379,895.00 utilizing the California Homestead exemption in order to protect all of his interest in the property, whether it is a 5% interest or a higher percentage interest as alleged by the Chapter 7 Trustee. Debtor filed such amendment on March 9, 2022 and served the amendment on all creditors and parties in interest on March 9, 2022. See amended schedule C at Docket 54 and Proof of Service of Amendment to Schedule C at Docket 53. No Creditors or parties in interest have filed objections to Debtor's claimed exemption. See Docket generally.

9. At the time this case was filed there was a loan secured by the property. The loan securing the property was obtained in or about 2005 and is now being serviced by Rushmore Loan Management Services. The balance owed on such loan at the time this case was filed was $251,926.00.

10. In his opposition to Debtor's first Motion To Compel Abandonment, the Chapter 7 Trustee alleges that the U Street Property has a value of at least $650,000.00 and further alleges that a sale of the real property would result in gross net proceeds (prior to Debtor's exemption and distribution of co-owners share) of $346,000.00. See opposition to motion to compel abandonment (Docket 47) at page 2, lines 10-22.

11. Pursuant to 11 U.S.C. Section 544(b), the Court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

12. There is inconsequential value and benefit to the estate to be realized from the sale of Debtor's U Street Property because there is little or no net equity available to the estate given the value of the property, the unavoidable liens secured by the property, and Debtor's exemption. Further, there is a high likelihood the Chapter 7 Trustee would incur

substantial legal fees in an action to determine the estate's interest in the property should the trustee dispute and file an adversary proceeding to determine the nature and extent of the estate's interest in such property.

| | | | |
|---|---|---|---|
| a. | Value of property | $650,000.00 | (alleged by trustee) |
| b. | Costs of Sale @8% | $52,000.00 | (alleged by trustee) |
| c. | Unavoidable liens | $251,926.00 | (Rushmore) |
| d. | Net proceeds | $346,000.00 | (alleged by trustee) |
| e. | 50% Reserved to Co-Owner | $173,000.00 | (alleged by trustee) |
| f. | Estate's 50% share | $173,000.00 | (alleged by truste) |
| g. | Claimed Exemption | $379,895.00 | (Homestead) |
| h. | Net to Estate | $0.00 | |

WHEREFORE, Debtor requests that the Court order the Chapter 7 Trustee to abandon Debtor's interest in the real property commonly known as 2518 U Street, Sacramento CA 95818, and enter such other orders as are just and appropriate.

Respectfully submitted,

WOLFF & WOLFF

Dated: 7/14/22.

By: _____
Mark A. Wolff