26

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax: (916) 714-5054
e-mail: attorneys@wolffandwolff.com


Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

Joseph Smith,

     Debtor(s).

| | |
|---|---|
| Case No: | 21-23522-A-7 |
| Docket No.: | WW-3 |
| Chapter: | 7 - Asset Case |
| | |
| Date: | August 15, 2022 |
| Time: | 9:00 a.m. |
| Place: | U.S. Bankruptcy Court |
| | Department A |
| | Courtroom 28, 7th Floor |
| | 501 I Street |
| | Sacramento, CA 95814 |

### EXHIBITS A THROUGH G IN SUPPORT OF MOTION TO COMPEL ABANDONMENT

1. Exhibit A. - Personal Guarantee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

2. Exhibit B. - Note re D & J Beneficial Holdings . . . . . . . . . . . . . . . . . . . . . . . Page 5

3. Exhibit C. - Security Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

4. Exhibit D. - Consolidation of Prior Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 13

5. Exhibit E. - Note re Norcal Green Ventures LLC . . . . . . . . . . . . . . . . . . . . . . Page 15

6. Exhibit F. - JP Morgan Chase Bank Statement . . . . . . . . . . . . . . . . . . . . . . . . Page 17

7. Exhibit G. - Grant Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 24

Dated: 7/28/22

Wolff & Wolff

By: Mark A Wolff
Attorney for Debtor

EXHIBIT A

## Personal Guarantee

This Personal Guarantee dated December 18, 2018 between Diane M Bender (lender, holder and secured party) and Joseph Smith (guarantor)for loans totaling $1,155,000.00 made by Diane M Bender to Debtors: 2286 Del Monte LLC ($900,000), NorCal Green Ventures LLC ($75,000), D&J Beneficial Holdings LLC ($75,000), and 2286 Del Monte LLC ($75,000).

Using the Homestead act (book 201 111 10 page 1189) and Grant Deed (book 201 111 10 page 1188), I Joseph Smith granted Diane M Bender 95% interest in the property located at 2518 U Street, Sacramento CA 95818 (APN 010-0114-007-0000) and use said property as a guarantee for referenced loans totaling $1,155,000.

If for any reason the above mentioned LLC's are in default to Diane M Bender, she will have the right to sell the property located at 2518 U Street, CA 95818 to recoup her losses.

The guarantor agrees not to pledge, hypothecate, mortgage, sell or otherwise transfer any of the guarantors assets without the prior written consent of the lender.

I, Joseph Smith, to the extent permitted by law, wave all defenses, counterclaims or offsets that are legally available to me with respect to payment of the debt of the debtor.

The lender will be under no obligation to collect or protect such security or the debt, and its neglect or failures to collect or protect the security or the debt is excused. Acceptance of the guarantee is waived.

The lender may grant extensions of time or other indulgences and otherwise deal with the debtor and with other parties and securities as the lender may see fit without in any way limiting or lessening the liability of the guarantor under this agreement.

The lender is hereby authorized at any time , at it's sole discretion and without notice, to take, change, release, or in any way deal with and security securing the debt without in any way impairing the obligations of guarantor.

Any impairment of the security, which the lender may from time to time hold as

security for the debt will in no way operate to discharge the guarantor in whole or part , it being specifically agreed that the lender is not required to exercise diligence to enforce its rights against debtor.

By Joseph Smith on behalf of 2286 Del Monte LLC

By Joseph Smith on behalf of D&J Beneficial Holdings LLC

By Joseph Smith on behalf of NorCal Green Ventures LLC

Diane M Bender, Secured Party

EXHIBIT B

# Note (Interest Only with Balloon Payment—No Prepayment Penalty)

Amount: $75,000.00

December 4th, 2018

D & J Beneficial Holdings, LLC

FOR VALUE RECEIVED, D & J Beneficial Holdings, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of Seventy Five Thousand Dollars ($75,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1. The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2. The term of the Note will be for one year interest only paid. Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3. Monthly payments in the amount of Six Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4. This Note shall mature on January, 1st, 2020, 12 months following the due date for the first payment as set forth in paragraph 3.

5. The parties may mutually agree to extend this Note beyond one year. Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2020 (90 days before the maturity of this Note).

6. This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7. On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8. All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____

On behalf of
D & J Beneficial Holdings, LLC

By _____

Diane M. Bender
Secured Party

# EXHIBIT C

## SECURITY AGREEMENT

AGREEMENT dated December 4ᵗʰ, 2018, between 2286 Del Monte, LLC, a California Limited Liability Corporation, whose address is 770 L Street, Suite 950, Sacramento, CA 95814 ("Debtor"), and Diane M. Bender, 8 Shon Court, Novato, CA 94947 ("Secured Party").

1. *Obligation to pay.* Debtor, concurrently with the execution and delivery of this agreement, is borrowing $900,00.00 from Secured Party, the borrowing to be evidenced by Debtor's promissory note bearing this date in that amount.

2. *Collateral.* Debtor desires to enter into this agreement for the purpose of creating a security interest in favor of Secured Party in the equipment described in Exhibit A, annexed, in all additions and accessions thereto, substitutions therefor and all proceeds of their sale or disposition (collectively, the "goods").

3. *Creation of* security interest. Debtor, in order to secure (1) payment of the debt evidenced by the note, including renewals and extensions thereof; (2) all costs and expenses incurred in collection of the note; and (3) all future advances made by Secured Party for taxes, levies, insurance, and repairs to or maintenance of the goods, hereby grants to Secured Party a security interest in the goods.

Until default hereunder, Debtor shall be entitled to the possession of the goods and to use and enjoy them.

4. *Debtor's warranties and agreements.* Debtor warrants and agrees that:

(a) *Title.* The goods are or will be owned by Debtor and are not subject to any security interest except that created by this agreement, or to any liens or encumbrances, and Debtor will defend the goods against the claims and demands for all persons.

(b) *Transfer.* Debtor will not sell, exchange, lease, encumber or pledge the goods, create any security interest therein (except that created by this agreement), or otherwise dispose of the goods or any of Debtor's rights therein or under this agreement without Secured Party's prior written consent.

(c) *Maintenance, taxes.* Debtor will maintain the goods in good condition and repair, reasonable wear and tear excepted, and will pay and discharge all taxes, levies, and other impositions levied on the goods as well as the cost of repairs to or maintenance of the same; if Debtor fails to pay such sums, Secured Party may do so for Debtor's account adding the amount to the secured debt.

(d) *Liens.* Debtor will not permit any other security interest to attach to any of the goods, permit the goods to be levied upon under any legal process, or permit anything to be done

that may impair the value of any of the goods or the security intended to be afforded by this agreement.

(e) *Filings.* Debtor will pay all costs of filing any financing, continuation, or termination statements with respect to the security interest created by this agreement. Secured Party is hereby appointed Debtor's attorney-in-fact to do all acts and things which Secured Party deems necessary to perfect and continue perfected the security interest created by this agreement and to protect the goods. A photographic or other reproduction of this agreement, or any financing statement signed by Debtor, is sufficient as a financing statement.

(f *Place of business.* Debtor will promptly notify Secured Party of any change in the location of any place of business and residence and of the establishment of any new place of business and residence.

5. *Default and remedies.* Any of the following shall constitute an event of default by Debtor: Debtor shall default in payment of the debt referred to in paragraph 1, or with respect to any past or future advances, expenditures, or liabilities secured hereby, or in the due observance or performance of any other condition or agreement hereof; any of Debtor's warranties shall prove to be false or misleading; Debtor shall become insolvent or shall be adjudicated bankrupt; bankruptcy, insolvency, reorganization, arrangement, debt adjustment, liquidation, or receivership proceedings in which Debtor is alleged to be insolvent or unable to pay his debts as they mature, are instituted by or against Debtor, and Debtor shall consent to the same or shall admit in writing the material allegations of the petition filed in such proceedings, or the proceedings are not dismissed within the time permitted for the posting of bond and no bond shall have been posted in the matter. If any such event of default shall occur, Secured Party may declare the unpaid balance of the debt and all advances, expenditures, and liabilities immediately due and payable without demand or notice, and may enter judgment on such note or otherwise reduce the debt, advances, expenditures, or liabilities to judgment. In addition to the foregoing, Secured Party may exercise any one or more of the rights and remedies available to a secured party under the Uniform Commercial Code in force in the State of Pennsylvania.

6. *Severability.* If any provision hereof is held to be invalid or unenforceable, such determination shall not affect the validity of the remaining provisions hereof.

7. *Binding effect.* The rights and privileges of Secured Party under this agreement shall inure to the benefit of its successors and assigns. All covenants, warranties, and agreements of Debtor in this agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

8. *Merger.* The parties intend this statement of their agreement to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, it is the sole repository of their agreement and they are not bound by any other agreements of whatsoever kind or nature. The parties also intend that this complete, exclusive, and fully

integrated statement of their agreement may not be supplemented or explained (interpreted) by any evidence of trade usage or course of dealing.

9. *Choice of Law.* Any and all matters of dispute between the parties to this agreement, whether arising from the agreement itself or arising from alleged extracontractual matters occurring prior to, during, or subsequent to the formation of the agreement, including, without limitation, fraud, misrepresentation, negligence, or any other alleged tort or violation of the contract, shall be governed by, construed, and enforced in accordance with the laws of the state of California, regardless of the legal theory upon which such matter is asserted. Jurisdiction shall be venued in the Sacramento Superior Court.

10. *Anti-Assignment.* The rights and duties under this contract may neither be assigned nor delegated. The parties hereby agree (1) not to assign their rights or delegate their duties, and (2) the parties further agree to surrender any power to assign their rights or delegate their duties as of the moment of formation of this contract. Any attempt by either party to assign any right or delegate any duty under this contract shall be null and void.

Witness the execution hereof the day and year first above written.

by _____

On behalf of 2286 Del Monte, LLC

by _____

Diane M. Bender
Secured Party

# EXHIBIT A

- ChemTech Services KD-10  (serial number pending)
  - Edwards e2m-40
  - edwards EH-250 blower
  - misc associated equipment to operate kd-10
- ChemTech Services KD-10  (serial number pending)
  - Edwards e2m-40
  - edwards EH-250 blower
  - misc associated equipment to operate kd-10
- (2) Pinnacle Rising Film Evaporators (serial number pending)
  - Sussman boiler
  - Sussman Steam Recovery Unit
- Heidolph 20L Rotovap (serial number pending)
  - Accompanying chiller and pump
- Heidolph 20L Rotovap (serial number pending)
  - Accompanying chiller and pump
- (2) Delta Separation Cup-15's and associated kegs, lenticular filters, control panel
- Two Julabo Chillers (new)
- Two Across International 50L reactors and associated chillers and heaters
- (6) 60 gallon solvent storage cabinets
- (3) used Revco stand-up freezers
- (2) Sambo Creek filters 630mm and associated equipement
  - Dewalt Air compressor
- Wesco DM-1100 Manual Hydraulic Ergo Drum Lifter

- Toyota Fork Lift

- Labconco Steam Scrubber
- (2) Elmasonic X-tra 550 LSM Ultrasonic Cleaner and associated equipment
- (4) refurbished e2m28/30
- (3) diffusion pumps and controller
  - variety of sizes
- (2) turbo molecular pumps
  - Various sizes

# EXHIBIT D

**Consolidation of Prior Notes**

**(Interest Only with Balloon Payment—No Prepayment Penalty)**

Amount: $105,000.00

December 4th, 2018

2286 Del Monte, LLC

FOR VALUE RECEIVED, 2286 Del Monte, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of One Hundred and Five Thousand Dollars ($105,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1.  The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2.  The term of the Note will be for one year with interest only paid. Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3.  Monthly payments in the amount of Eight Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4.  This Note shall mature on January 1st, 20120, 12 months following the due date for the first payment as set forth in paragraph 3.

5.  The parties may mutually agree to extend this Note beyond one year. Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2019 (90 days before the maturity of this Note).

6.  This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7.  On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8.  All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____
On behalf of
2286 Del Monte, LLC

By _____
Diane M. Bender
Secured Party

# EXHIBIT E

## Note (Interest Only with Balloon Payment—No Prepayment Penalty)

Amount: $75,000.00

December 4th, 2018

Norcal Green Ventures, LLC

FOR VALUE RECEIVED, Norcal Green Ventures, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of Seventy Five Thousand Dollars ($75,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1. The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2. The term of the Note will be for one year interest only paid.  Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3. Monthly payments in the amount of Six Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4. This Note shall mature on January, 1st, 2020,  12 months following the due date for the first payment as set forth in paragraph 3.

5. The parties may mutually agree to extend this Note beyond one year.  Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2020 (90 days before the maturity of this Note).

6. This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7. On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8. All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____
On behalf of
Norcal Green Ventures, LLC

By _____
Diane M. Bender
Secured Party

# EXHIBIT F



**CHASE PRIVATE CLIENT**
JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

November 01, 2018 through November 30, 2018
Primary Account: **000000923486542**

### CUSTOMER SERVICE INFORMATION

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-888-994-5626** |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| International Calls: | 1-713-262-1679 |

00292143 DRE 703 219 33518 NNNNNNNNNNNN 1 000000000 69 0000
DIANE M BENDER
OR RONALD U BENDER
8 SHON CT
NOVATO CA 94947-4819



## We updated our Deposit Account and Wire Transfer Agreements

The following changes were made November 11, 2018:

- We published an updated version of our Deposit Account Agreement. You can get the latest agreement at chase.com/disclosures, at a branch or by request when you call us. Here's what you should know:
  - We added a section to describe our new Autosave feature, which allows you to make automatic transfers from your checking account to your savings account. (New section in General Account Terms, Section B, Autosave feature)
  - We no longer charge an Extended Overdraft Fee. (General Account Terms, Section C, Insufficient Funds and Returned Item fees)
  - We added an address for reporting a dispute if you believe we provided incomplete or inaccurate information about your account to a consumer reporting agency. (New section in General Account Terms, Section I, Disputing information reported to a consumer reporting agency)

- We updated our Wire Transfer Agreement, here's what you should know:
  - You will still receive email notifications on the status of your wire transfer. However, we added that if we're unable to send an email due to system failures or outages, it's your responsibility to monitor your account for the status of your wire transfer.
  - We clarified that you should expect your foreign exchange rate to be less favorable than rates quoted online or in publications.

Please call us at the number at the top of this statement if you have any questions.

## We want to remind you about the overdraft service options that are available for your personal checking account(s)

We've included information on the last page of this statement to remind you about our overdraft services and associated fees. You can find more information about these services and ways to avoid overdraft fees at **chase.com/overdraft-services.**

If you have questions, please call us anytime at the number on your statement.



**CHASE PRIVATE CLIENT**

November 01, 2018 through November 30, 2018
Primary Account: 000000923486542

## ASSETS

| Checking & Savings | ACCOUNT | BEGINNING BALANCE THIS PERIOD | ENDING BALANCE THIS PERIOD |
|---|---|---|---|
| Chase Private Client Checking | 000000923486542 | $86,420.54 | $89,259.26 |
| Chase Private Client Checking | 000000112528697 | 93,516.94 | 120,150.35 |
| Chase Private Client Savings | 000002938968904 | 4,624.55 | 4,624.70 |
| **Total** | | **$184,562.03** | **$214,034.31** |

| | | | |
|---|---|---|---|
| **TOTAL ASSETS** | | **$184,562.03** | **$214,034.31** |

DIANE M BENDER

OR RONALD U BENDER

Account Number: 000000923486542

## CHECKING SUMMARY

| | AMOUNT |
|---|---|
| Beginning Balance | $86,420.54 |
| Deposits and Additions | 4,262.72 |
| Checks Paid | -1,424.00 |
| **Ending Balance** | **$89,259.26** |
| | |
| Annual Percentage Yield Earned This Period | 0.01% |
| Interest Paid This Period | $0.72 |
| Interest Paid Year-to-Date | $6.90 |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 11/01 | Deposit    1005835580 | | $362.00 |
| 11/01 | Snrha      S8 ACH | PPD ID: 6270910670 | 638.00 |
| 11/02 | Deposit    1811659835 | | 1,500.00 |
| 11/08 | Deposit    992156681 | | 100.00 |
| 11/28 | Transfer From Chk Xxxxxx2365 | | 1,300.00 |
| 11/29 | Deposit    1008817352 | | 362.00 |
| 11/30 | Interest Payment | | 0.72 |
| **Total Deposits and Additions** | | | **$4,262.72** |



**CHASE PRIVATE CLIENT**

November 01, 2018 through November 30, 2018
Primary Account: **000000923486542**

## CHECKS PAID

| CHECK NO. | DESCRIPTION | DATE PAID | AMOUNT |
|---|---|---|---|
| 127 ^ | | 11/27 | $344.00 |
| 128 ^ | | 11/27 | 880.00 |
| 129 ^ | | 11/26 | 200.00 |
| **Total Checks Paid** | | | **$1,424.00** |

If you see a description in the Checks Paid section, it means that we received only electronic information about the check, not the original or an image of the check. As a result, we're not able to return the check to you or show you an image.

^ An image of this check may be available for you to view on Chase.com.



DIANE M BENDER                                    Account Number: 000000112528697

## CHECKING SUMMARY

| | AMOUNT |
|---|---|
| Beginning Balance | $93,516.94 |
| Deposits and Additions | 926,633.41 |
| Electronic Withdrawals | -900,000.00 |
| **Ending Balance** | **$120,150.35** |

| | |
|---|---|
| Annual Percentage Yield Earned This Period | 0.01% |
| Interest Paid This Period | $0.80 |
| Interest Paid Year-to-Date | $15.98 |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/15 | Note Servicing C Loan Pmt.          PPD ID: 342038696 | $3,062.50 |
| 11/27 | Fedwire Credit Via: Bank of The West/121100782 B/O: Old Republic Title Company Concord CA 94520 Ref: Chase Nyc/Ctr/Bnf=Diane M Bender Novato, CA 949474819/Ac-000000001125 Rfb=Wt1811270133685B Obi=Esc 043602 2279Payoff Imad: 1127L2B7721C000254 Tm: 2079209331Ff | 923,570.11 |
| 11/30 | Interest Payment | 0.80 |
| **Total Deposits and Additions** | | **$926,633.41** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 11/27 | 11/27 Domestic Wire Transfer Via: Fst Fndn Bk Irvine/122287581 A/C: Rcp Construction Inc. Ref: From Joseph Smith Imad: 1127B1Qgc05C010715 Tm: 5730900831Es | $900,000.00 |
| **Total Electronic Withdrawals** | | **$900,000.00** |



**CHASE PRIVATE CLIENT**

November 01, 2018 through November 30, 2018
Primary Account: **000000923466542**

DIANE M BENDER
OR RONALD U BENDER

Account Number: 000002936968904

## SAVINGS SUMMARY

| | AMOUNT |
|---|---|
| **Beginning Balance** | **$4,624.55** |
| Deposits and Additions | 0.15 |
| **Ending Balance** | **$4,624.70** |
| | |
| Annual Percentage Yield Earned This Period | 0.04% |
| Interest Paid This Period | $0.15 |
| Interest Paid Year-to-Date | $1.33 |

The monthly service fee for this account was waived as an added feature of Chase Private Client Checking account.

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | **Beginning Balance** | | **$4,624.55** |
| 11/30 | Interest Payment | 0.15 | 4,624.70 |
| | **Ending Balance** | | **$4,624.70** |

You earned a higher interest rate on your Chase Private Client Savings account during this statement period because you had a qualifying Chase Private Client Checking account.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:** Call us at 1-866-564-2262 or write us at the address on the front of this statement (non-personal accounts contact Customer Service) immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.
For personal accounts only: We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:
- Your name and account number
- The dollar amount of the suspected error
- A description of the error or transfer you are unsure of, why you believe it is an error, or why you need more information.
We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC TRANSACTIONS:** Contact the bank immediately if your statement is incorrect or if you need more information about any non-electronic transactions (checks or deposits) on this statement. If any such error appears, you must notify the bank in writing no later than 30 days after the statement was made available to you. For more complete details, see the Account Rules and Regulations or other applicable account agreement that governs your account. Deposit products and services are offered by JPMorgan Chase Bank, N.A. Member FDIC

 **JPMorgan Chase Bank, N.A. Member FDIC**



**CHASE PRIVATE CLIENT**

November 01, 2018 through November 30, 2018
Primary Account: 000000923486542



## Overdraft and Overdraft Fee Information for Your Chase Checking Account

### What You Need to Know About Overdrafts and Overdraft Fees

An overdraft occurs when you do not have enough money in your account to cover a transaction, but we pay it anyway. We can cover your overdrafts in two different ways:

1. We have standard overdraft practices that come with your account.
2. We also offer overdraft protection through a link to a Chase savings account, which may be less expensive than our standard overdraft practices. You can contact us to learn more.

This notice explains our standard overdraft practices.

- **What are the standard overdraft practices that come with my account?**

   We **do** authorize and pay overdrafts for the following types of transactions:

   - Checks and other transactions made using your checking account number
   - Recurring debit card transactions

   We **do not** authorize and pay overdrafts for the following types of transactions, unless you ask us to (see below):

   - Everyday debit card transactions

   We pay overdrafts at our discretion, which means we do not guarantee that we will always authorize and pay any type of transaction. If we do not authorize and pay an overdraft, your transaction will be declined.

- **What fees will I be charged if Chase pays my overdraft?**

   Under our standard overdraft practices:

   - If we pay an item, we'll charge you a $34 Insufficient Funds Fee per item. This fee is not charged if your account balance at the end of the business day is overdrawn by $5 or less, or for items that are $5 or less.
   - We won't charge more than three Insufficient Funds Fees per day, for a total of $102.

- **We waive fees for some account types:**

   - For Chase Sapphire<sup>SM</sup> Checking accounts, we waive the Insufficient Funds and Returned Item fees if you've had four or fewer Insufficient Funds or Returned Item occurrences in the past 12 months.
   - For Chase Private Client Checking<sup>SM</sup> accounts, we waive the Chase overdraft fees.

- **What if I want Chase to authorize and pay overdrafts on my everyday debit card transactions?**

   If you or a joint account owner would like to change your selection, sign in to chase.com to update your account settings, or call us anytime at 1-800-935-9935 (or collect at 1-713-262-1679 if outside the U.S.), or visit a Chase branch.

**CHASE PRIVATE CLIENT**

This Page Intentionally Left Blank

EXHIBIT G

Recording requested by:

And when recorded, mail this deed and tax statements to:

Joseph Ongaro
2618 U St
Sac Ca 95818



Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20111110** PAGE **1188**
· Check Number 1091
**Thursday, NOV 10, 2011  2:37:57 PM**
Ttl Pd   $18.00      Rcpt # 0007033125

TML/85/1-1

## GRANT DEED

APN: 010-0114-007-0000

DOCUMENTARY TRANSFER TAX $ Exempt
EXEMPTION (R&T CODE) 11911
EXPLANATION  gift to visitor
Joseph Ongaro
Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

Joseph Ongaro

hereby grant(s) to Diane M. Bender & Joseph Ongaro, joint tenants

the following real property in the City of Sacramento, County of Sacramento California:

The west ½ of parcel # 010-0114-007-0000
lot 3, block bounded by U & V, 2518 U St Sac Ca 95818
25th & 26th st. City of Sacramento

Date: 11/7/11

_____  Joseph Ongaro
(Signature of declarant)

Date: _____

_____
(Signature of declarant).

State of California
County of SACRAMENTO

On NOV. 07, 20 11, before me, MARIA CARMELA DE CASTRO TAN, a notary public, personally appeared JOSEPH C ONGARO, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary



MARIA CARMELA DE CASTRO TAN
Commission # 1841125
Notary Public · California
Sacramento County
My Comm. Expires Mar 20, 2013

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20111110** PAGE **1189**
Check Number 1091
**Thursday, NOV 10, 2011  2:37:57 PM**
Ttl Pd    $18.00     Rcpt # 0007033126

TML/85/1-1

Recording requested by:

And when recorded, mail to:

Joseph Ongaro
2518 U St
Sac Ca 95818

APN:                            For recorder's use

## HOMESTEAD DECLARATION

I, __Joseph Ongaro__ , do hereby certify and declare as follows:

1. I hereby claim as a declared homestead the premises located in the City of __Sacramento__ , County of __Sacramento__ , State of California, commonly known as:

   __2518 U St, Sac Ca 95818__

   (street address) , and more particularly described as follows:

   parcel # 010-0114-007-0000

2. I am the declared homestead owner of the above-declared homestead.
3. I own the following interest in the above-declared homestead: __5%__
4. The above-declared homestead is my principal dwelling. I am currently residing on that declared homestead.

The facts as stated in this Homestead Declaration are known to be true as of my own personal knowledge

Dated __11-2-11__

_(signature)_
(SIGNATURE)
Joseph Ongaro

STATE OF CALIFORNIA        )
COUNTY OF __Sacramento__    ) ss.

On __11/7/11__ before me, __Maria Carmela De Castro Tan__, a notary public, personally appeared __Joseph C Ongaro__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Date: __11/7/11__

**Notary Signature**

_Maria Carmela De Castro Tan_

**NOTARY SEAL**



MARIA CARMELA DE CASTRO TAN
Commission # 1841125
Notary Public - California
Sacramento County
My Comm. Expires Mar 20, 2013