4

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax: (916) 714-5054
e-mail: attorneys@wolffandwolff.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:

Joseph Smith,

               Debtor:

Case #: 21-23522-A-7
DC#: WW-4
Chapter: 7 - Asset Case

Date: September 26, 2022
Time: 9:00 a.m.
Courtroom: 28

DECLARATION OF JOSEPH SMITH

I, Joseph Smith, do hereby declare as follows:

1. I caused this case to be filed on or about October 8, 2021.

2. At the time this case was filed I owned an interest in my residence commonly known as 2518 U Street, Sacramento CA 95818. I purchased this property in January 2000 and I continue to live in the property.

3. In 2011 I transferred a 95% interest in my residence, 2518 U Street Sacramento CA 95818 to Diane Bender. At that time there was very little equity in such property. Attached hereto as Exhibit G is a true and correct copy of the Grant Deed and Homestead Declaration filed November 10, 2011.

Page 1

4. In 2018 in connection with my businesses and obtaining loans for such businesses, I guaranteed several loans made to my businesses, D & J Beneficial Holdings, 2286 Del Monte, LLC, and NorCal Green Ventures LLC. I guaranteed loans to such entities totaling $1,155,000.00. Attached hereto as Exhibit A is a true and correct copy of the Personal Guarantee. Attached hereto as Exhibit B is a true and correct copy of December 4th, 2018 Note wherein D & J Beneficial LLC borrowed $75,000.00 from Diane M. Bender. Attached hereto as Exhibit C is a true and corect copy of the Security Agreement dated December 4th, 2018 related a $900,000.00 loan from Diane Bender. Attached hereto as Exhibit D is a true and correct copy of the Consolidation of prior notes dated December 4th 2019 related to 2286 Del Monte, LLC. Attached hereto as Exhibit E is a true and correct copy of the note dated December 4th 2018 related to Norcal Green Ventures, LLC. Attached hereto as Exhibit F is a true and correct copy of a statement from JPMorgan Chase Bank, N.A showing a wire transfer of $900,000.00 on November 27, 2018.

5. I listed the value of my interest in my residence commonly known as 2518 U Street, Sacramento CA 95818 on schedule A/B of my bankruptcy petition. I lived in such property at the time this case was filed and I continue to live in such property. On schedule A/B I listed the total value of the property at $575,000.00 and the value of my interest at $28,750.00 based upon my belief that I have a 5% interest in such property. The property is in need of repairs including a new roof, finish deck installation. Further exterior work and interior work is needed. The front steps to the house need to be rebuilt, the fireplace needs to be replaced, and the kitchen and bath are outdated.

6. My real property, 2518 U Street, Sacramento CA 95818 is subject to a loan obtained in 2005 which is now being serviced by Rushmore Loan Management Services. The balance owed on such loan at the time this case was filed was $251,926.00.

7. On Schedule C I originally claimed my interest in the residence, 2518 U Street,

8. Sacramento CA 95818, as exempt utilizing the exemptions of CCP 703.140(b)(1) in the amount of $26,000.00.

8. I have reviewed the Chapter 7 Trustee's Opposition To Motion To Compel Abandonment (WW-2) in which the Chapter 7 Trustee alleges that "The 2001 Grant Deed, at page 25 of the Debtor's Exhibits, reflects that he conveyed the Residence jointly to himself and his mother without specification as to the percentage. As a matter of public record, therefore, his interest is at least 50%, not the 5% interest asserted in his declaration." I disagree with the trustee's conclusion that my interest is at least 50%. As per the instructions I received from the County Recorder's office I specifically identified my interest as a 5% interest on the Homestead Declaration filed on November 20, 2011, the same date as the Grant Deed.

9. After receipt of the Chapter 7 Trustee's opposition to my Motion To Compel Abandonment (WW-2), I decided to change my exemptions in this case to utilize California's Homestead exemption. As a result of the change in exemptions I, through my attorney, agreed with the Chapter 7 Trustee and his attorney to withdraw the Motion To Compel Abandonment (WW-2).

10. On March 9, 2022 I caused an Amended Schedule C to be filed through which I changed my exemptions to utilize the homestead exemption of C.C. P. 704.730. I have now claimed an exemption, related to the real property commonly known as 2518 U Street, Sacramento CA 95818, in the amount of $379,895.00 utilizing the California Homestead exemption in order to protect all of my interest in the property, whether it is a 5% interest or a higher percentage interest as alleged by the Chapter 7 Trustee.

11. The Chapter 7 Trustee alleges that the real property has a value of at least $650,000.00. I believe the value to be less than the amount alleged by the Chapter 7 Trustee as there are repairs and improvements to the property that are necessary, including roof repairs, deck completion and updating of the kitchen and bath.

Page 3

12. The Chapter 7 Trustee has alleged that a sale of the real property would result in gross net proceeds (prior to my exemption and distribution of co-owners share) of $346,000.00. See Opposition To Motion To Compel Abandonment (Docket 47) at page 2, lines 10 - 22.

13. I do hereby declare under penalty of perjury that the information contained in this Declaration is true and correct.

14. If called as a witness, I could and would competently testify to the facts contained in this Declaration.

Dated: 7/8/23

_____
Joseph Smith