12

**J. RUSSELL CUNNINGHAM, SBN 130578**
**BENJAMIN C. TAGERT, SBN 330242**
**MIKAYLA E. KUTSURIS, SBN 339777**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
1830 15ᵗʰ Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JOSEPH CHRISTOPHER SMITH,<br><br>          Debtor.<br>_____<br>J. MICHAEL HOPPER, in his capacity as Trustee for the Bankruptcy Estate of Joseph Christopher Smith,<br><br>          Plaintiff,<br><br>vs.<br><br>DIANE M. BENDER,<br><br>          Defendant. | Case No. 21-23522-A-7<br>Chapter 7<br><br>Adversary No._____ |

## VERIFIED COMPLAINT

    Plaintiff J. MICHAEL HOPPER ("Trustee"), in his capacity as the Chapter 7 trustee for the above-captioned bankruptcy estate of JOSEPH CHRISTOPHER SMITH ("Debtor"), for his complaint against DIANE M. BENDER ("Defendant"), upon knowledge with respect to his own acts and upon information and belief and to the best of his knowledge with respect to all other matters, respectfully alleges as follows:

1

**JURISDICTION AND VENUE**

1.    The Trustee commences this adversary proceeding for a judgment pertaining to the real property commonly known as 2518 U Street, Sacramento, CA 95818 ("Subject Property"): (a) avoiding and recovering the transfer of an interest of the Debtor to the Defendant by way of a grant deed; (b) objecting to a proof of claim asserted by the Defendant against the estate; (c) a counter-claim to quiet title to the Defendant's interest in the Subject Property; (d) authorizing the sale of the Trustee's interest and Defendant's remaining interest, if any, in the Subject Property; and (e) granting such other and further relief as is just.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334 and 157.

3.    Venue of the bankruptcy case and of this proceeding is proper in this District under 28 U.S.C. Sections 1408 and 1409.

4.    The statutory predicates for the relief sought herein are: (a) 11 U.S.C. Sections 544(b), 550(a) and 363(h); (b) 28 U.S.C. Sections 3304(b) and 3306(a); and (c) Cal. Code. Civ. Proc. Sections 760.020 and 761.020.

5.    The transfer avoidance claim is a core claim under 28 U.S.C. Section 157(b)(2)(H).

6.    The claim objection is a core claim under 28 U.S.C. Section 157(b)(2)(B) and (K).

7.    The counterclaim is a core claim under 28 U.S.C. Section 157(b)(2)(C).

8.    The proposed sale is a core claim under 28 U.S.C. Section 157(b)(2)(A) and (M).

9.    The Trustee consents to the entry of final orders or judgment by the Bankruptcy Court if it is determined that consent of the parties is required by the Bankruptcy Court to enter final orders or judgment consistent with Article III of the United States Constitution.

10.    Pursuant to 28 U.S.C. § 157(c)(1), the Trustee understands that absent consent of all parties to the proceeding, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for the noncore claim. The District Court can then enter a final order or judgment after considering the bankruptcy judge's proposed findings of fact and

conclusions of law, and after reviewing de novo those matters to which any party has timely and specifically objected.

## GENERAL ALLEGATIONS

11. The Debtor and the Defendant are the purported owners concurrently, as joint tenants, of the fee simple title to certain real property located at 2518 U Street, Sacramento, CA 95818. (Hereinafter referred to as the "Subject Property") and legally described as follows:

The west ½ of lot 3, Block bounded by U and V, 25th and 26th Streets of the City of Sacramento.

APN 010-0114-007.

12. The Debtor first acquired his interest in the Subject Property as a tenant-in-common with Daniel A. Schofield by Grant Deed dated January 4, 2000, recorded in Sacramento County on January 7, 2000, in Book 20000107, Page 0047, in the official records of the County of Sacramento ("2000 Deed"). A copy of the 2000 Deed is attached hereto as **Exhibit A**.

13. The Debtor and Daniel A. Schofield purchased the Subject Property for $188,000.00, financed by a $147,000.00 loan by Bank of America.

14. Daniel A. Schofield conveyed his interest in the Subject Property to the Debtor by Grant Deed dated November 17, 2003, recorded in Sacramento County on December 5, 2003, in Book 20031205, Page 1834, in the official records of the County of Sacramento ("2003 Deed"). A copy of the 2003 Deed is attached hereto as **Exhibit B**.

15. On November 24, 2003, the Debtor borrowed $250,000.00 from Greenpoint Mortgage Funding, Inc. ("Greenpoint Mortgage"), secured by a new trust deed against the Subject Property.

16. On December 23, 2004, the Debtor borrowed $312,000.00 from World Savings Bank, FSB ("World Savings"), secured by a new trust deed against the Subject Property. On January 14, 2005, the Greenpoint Mortgage trust deed was reconveyed.

17. On June 6, 2018, the World Savings deed of trust was assigned to Goldman Sachs Mortgage Company, and later assigned to U.S. Bank Trust National Association, Not In Its

Individual Capacity But Solely As Owner Trustee For Legacy Mortgage Asset Trust 2018-RPL1 ("US Bank") on September 17, 2018.

18. US Bank has a lien on the Subject Property by their Deed of Trust. The Trustee is informed and believes, and on that basis alleges, that although US Bank has a "claim" in the Subject Property as referred to in California Code of Civil Procedure Section 760.010, their claim is not adverse.

19. In addition to the US Bank loan, claims secured by the Subject Property also include claims of: (a) State of California Employment Development Department ("EDD"); (b) City of Sacramento; (c) Jeffrey Dorfman and Seth Bailin; and (d) Greg Padilla Bail Bonds. The Trustee is informed and believes, and on that basis alleges, that although these are "claims" in the Subject Property as referred to in California Code of Civil Procedure Section 760.010, their claims are not adverse.

20. The most recent transfer purportedly vested the Subject Property in the Debtor and the Defendant, as joint tenants, by Grant Deed Dated November 7, 2011, recorded in Sacramento County on November 10, 2011, in Book 20111110, Page 1188, in the official records of the County of the Sacramento ("2011 Deed"). A copy of the 2011 Deed is attached hereto as **Exhibit C.**

21. The Defendant is the Debtor's mother.

22. The Debtor received no consideration in return for the 2011 Deed.

23. After the 2011 Deed, the Debtor has made the payments, when able, due on the U.S. Bank loan, insurance, and taxes for the Subject Property.

24. The Debtor has lived at the Subject Property continuously since 2000.

25. The sole purpose of the 2011 Deed was to shield the Debtor's interest in the Subject Property from potential criminal and civil liabilities arising from his contemplated involvement in NORCAL GREEN VENTURES, LLC, MIDTOWN SUPPLY LLC, MIDTOWN MANUFACTURING, D&J BENEFICIAL HOLDINGS, LLC, and 2286 DEL MONTE LLC (collectively "Cannabis Companies"). The Cannabis Companies were involved

1  in the manufacture, sale, and distribution of marijuana, then a Schedule I substance under 21

2  U.S.C. Section 812(b)(1).

3        26.    On October 8, 2021 ("Petition Date"), the Debtor commenced the above-

4  captioned bankruptcy case by filing a voluntary Chapter 7 petition. A copy of the Petition is

5  attached hereto as **Exhibit D**. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's

6  bankruptcy estate.

7        27.    On the Petition Date, the Debtor's interest in the Subject Property became

8  property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1). The Trustee succeeded to

9  the Debtor's interest in the Subject Property. *See* 11 U.S.C. § 541(a)(1) (indicating that a

10  bankruptcy estate includes all legal or equitable interests of the debtor in property'); *See also* 11

11  U.S.C. § 323 (establishing the bankruptcy trustee as the "representative of the estate" with the

12  "capacity to sue and be sued" on its behalf).

13        28.    By Proof of Claim 2-1 ("POC 2-1"), the INTERNAL REVENUE SERVICE

14  ("IRS") asserts an approximate $225,585.40 unsecured claim for estimated income tax and

15  interest due for tax years 2015 through 2020. The Debtor scheduled his obligation to the IRS as

16  undisputed. A copy of POC 2-1 is filed herewith as **Exhibit E**.

17        29.    By Proof of Claim 8-1 ("POC 8-1"), the Defendant asserts a $1,155,000.00

18  claim for "[m]oney loaned to business" secured by unidentified real and personal property

19  valued by the claimant at $650,000.00. The Debtor scheduled his obligations to the Defendant

20  as disputed and unsecured. A copy of POC 8-1 is filed herewith as **Exhibit F**.

21        30.    Each of the transactional documents identified by the Defendant as supporting

22  POC 8-1 (collectively "2018 Documents") are dated in 2018 and filed herewith as:

| Exhibit | Title | Dated |
|---|---|---|
| **G** | Personal Guarantee | 12/18/2018 |
| **H** | Note | 12/04/2018 |
| **I** | Security Agreement | 12/04/2018 |
| **J** | Consolidation of Prior Notes | 12/04/2018 |

5

| K | Note | 12/04/2018 |
|---|------|------------|

31.     The terms of the Personal Guarantee identify the Debtor as guarantor of loans to the Cannabis Companies totaling $1,155,000.00 and suggest that the transfer of his interest in the Subject Property by way of the 2011 deed was intended to "use said property as a guaranty for referenced loans totaling $1,155,000."

32.     The Debtor has suggested that the guarantee was personal by declaring that "[i]n 2018 in connection with my businesses and obtaining loans for such businesses, I guaranteed several loans to my businesses…I guaranteed loans to such entities totaling $1,155,000."

### FIRST CLAIM FOR RELIEF
**Transfer Avoidance (as to 2011 Note)**
**(Bankruptcy Code Section 544(b); IRC Section 3304(b))**

33.     The Trustee realleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     The 2011 Deed transferred an interest of the Debtor in the Subject Property to the Defendant.

35.     The transfer was made with actual intent to hinder, delay, or defraud a creditor in that the Debtor knew that his contemplated operation of the Cannabis Companies would likely violate federal controlled substance and tax laws.

36.     The Debtor did not receive a reasonably equivalent exchange for the transfer in that he received no consideration in return.

37.     When the transfer was made, the Debtor was about to engage in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business of the Cannabis Companies.

38.     The transfer was to an insider in that the Defendant is the Debtor's mother and purported source of funds used by and in the operation of the Cannabis Companies.

39.     The Debtor retained possession of the property transferred after the transfer in that he continued to use and occupy the Subject Property through the petition date.

40.     The transfer was fraudulent within the meaning of 28 U.S.C. Section 3304(b).

41.     The transfer may be avoided pursuant to 28 U.S.C. Section 3306(a).

42.     Pursuant to 11 U.S.C. Sections 544(b) and 550(a), the Trustee is entitled to judgment avoiding the transfer and recovering the Defendant's interest in the Subject property acquired by way of the 2011 Deed.

**SECOND CLAIM FOR RELIEF**
**Claim Objection**
**(11 .S.C Section 502(d))**

43.     The Trustee realleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

44.     The Trustee disputes Proof of Claim 8-1 because: (a) the Debtor's true purpose behind the 2011 deed (as initially testified at his 341 meeting of creditors) was to protect the Subject Property from potential liability arising from his involvement with the Cannabis Companies; (b) none of the 2018 Documents were signed by the Debtor in his individual capacity, but instead solely as representative of the Cannabis Companies; (c) the 2018 Documents were executed 7 years after the 2011 Deed was executed; and (d) in his schedules the Debtor described the obligation to his mother as disputed and unsecured.

45.     The Trustee is entitled to Judgment: (a) pursuant to 11 U.S.C. Section 502(b)(1) disallowing Proof of Claim 8-1 on the merits; or, alternatively (b) pursuant to 11 U.S.C. Section 502(d) disallowing Proof of Claim 8-1 until such time as the Defendant returns satisfies all obligations rendered under the Trustee's First Claim for Relief.

**THIRD CLAIM FOR RELIEF**
**Transfer Avoidance (as to 2018 Documents)**
**(11 U.S.C. Section 544(b); Cal. Civ. Code Section 3439.04(a))**

46.     The Trustee realleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

47.     The 2018 Documents transferred an interest of the Debtor in the Subject Property to the Defendant.

48.     The transfer was made with actual intent to hinder, delay, or defraud a creditor in that the Debtor knew that his contemplated operation of the Cannabis Companies would likely violate federal controlled substance and tax laws.

49.　　The transfer was to an insider in that the Defendant is the Debtor's mother and purported source of funds used by and in the operation of the Cannabis Companies.

50.　　The Debtor retained possession of the property transferred after the transfer in that he continued to use and occupy the Subject Property through the petition date.

51.　　Before the transfer was made, the Debtor was facing IRS collection proceedings in that he had failed to file federal income tax returns and pay any of the tax due for the years 2015 through 2017.

52.　　The transfer was intentionally fraudulent within the meaning of California Civil code Section 3439.04(a).

53.　　Pursuant to 11 U.S.C. Sections 544(b) and 550(a), the Trustee is entitled to judgment avoiding the transfer and recovering the Defendant's interest in the Subject Property acquired by way of the 2018 Documents.

**FOURTH CLAIM FOR RELIEF**
**Quiet Title**
**(California Code of Civil Procedure §§ 760.020, 761.020)**

54.　　The Trustee realleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

55.　　The basis of the Debtor's fee title is: (a) the 2000 Deed, whereby Duncan Melvin Wallace IV granted the Subject Property to the Debtor and Daniel A. Schofield as tenants in common; (b) the 2003 Deed, whereby Daniel A. Schofield conveyed his interest in the Subject Property to the Debtor; and (c) the 2011 Deed, whereby the Debtor purported to convey an interest to the Defendant and himself, as joint tenants. On the Petition Date, all legal or equitable interests of the Debtor in property became property of the estate. The Trustee, therefore, as the representative of the bankruptcy estate, succeeded to the Debtor's interest in the Subject Property.

56.　　The Trustee is informed and believes, and on that basis alleges, that the Defendant claims an interest adverse to the Trustee's rights and interest in, and the Trustee's title to, all or a part of the Subject Property as follows:

a.      Defendant claims a right, title, estate lien, or interest in the Subject Property that is adverse to the Trustee by virtue of the 2011 Deed. The Trustee alleges that the 2011 Deed naming the Defendant as grantee is invalid and of no effect for failure of intent and delivery.

b.      Defendant claims a right, title, estate lien, or interest in the Subject Property that is adverse to the Trustee by virtue of the Personal Guarantee.

57.    The Trustee is seeking to quiet title against the claims of Defendant as follows:

a.      The Defendant's claim is without merit. There was not a mutual intention on the part of the parties, and particularly on the part of the Debtor, to pass title to the Subject Property immediately. The Debtor did not give up control of the Subject Property, in that the Debtor paid for the U.S. Bank Loan, taxes, and insurance on the Subject Property. The Debtor also continued to use and occupy the premises.

b.      The Defendant's claim is without merit. The Personal Guarantee was not valid. "A contract of guaranty made after the primary agreement has been executed and the consideration supporting it has passed requires a new consideration." *See Oakland Bank of Commerce v. Washington* (1970) 6 Cal.App.3d 793, 796; *See also* Cal. Civ. Code § 2792. Here, the debts owed to the Defendant at the time of the execution were not in jeopardy. The monthly payments owed to the Defendant were not due until January 1, 2019, after the Personal Guarantee was executed. Thus, the Defendant did not forbear to do anything which she would have done if there were no guaranty. As a result, the Defendant suffered no detriment.

58.    The Defendant's claims greatly diminish the value of the Subject Property and interferes with any prospective sale.

59.    The Defendant's claims are without any right whatever and the Defendant has no right, title, estate, lien, or interest in the Subject Property, or any part thereof.

60.    The Trustee seeks to quiet title as of the date of filing this Complaint.

61.    The Trustee is entitled to a judgment pursuant to California Code of Civil Procedure Section 760.020, quieting title in and to the Subject Property, and declaring that the

Defendant has no right, title, estate, lien or interest in the Subject Property, or any part thereof that is adverse to the Trustee.

**FIFTH CLAIM FOR RELIEF**
**Sale of the Subject Property**
**(11 U.S.C. § 363(h))**

62.     The Trustee realleges and incorporates by reference paragraphs 1 through 32 of this complaint as though fully set forth herein.

63.     Partition in kind of the Subject Property among the Debtor and the Defendants is impracticable in that it consists of a single-family home on a lot the size of which is too small taking into consideration applicable local land use restrictions.

64.     A sale of the estate's undivided co-ownership interest in the Subject Property would realize significantly less for the estate than a sale of the Subject Property free of the Defendant's interest. This is because prospective buyers will be reluctant to purchase a single-family home subject to the interest of another co-owner, and any potential buyer will likely demand a substantial discount for the purchase of any interest less than fee simple.

65.     The benefit to the estate of a sale of the Subject Property free of the Defendant's interest outweighs the detriment, if any, to the Defendant. A sale of the entire interest in the Subject Property will maximize recovery to the estate that can be used for the benefit of creditors.

66.     The sale of the Subject Property will result in substantial proceeds to the estate that can be used for the benefit of creditors.

67.     The Subject Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

68.     The Trustee is entitled to a judgment pursuant to 11 U.S.C. § 363(h) allowing the Trustee to market and sell both the estate's interest and the Defendant's interest in the Subject Property, with the sale price and all other terms subject to Court approval.

**WHEREFORE**, the Trustee prays that this Court grant the following relief against the Defendant:

A.      Avoiding the transfer and recovering the Defendant's interest in the Subject Property acquired by way of the 2011 Deed and 2018 Documents.

B.      Disallowing Proof of Claim 8-1: (1) on the merits; or, alternatively (2) until such time as the Defendant returns the Defendant's interest in the Subject Property acquired by way of the 2011 Deed and 2018 Documents.

C.      For an order quieting title in and to the Subject Property, and declaring that the Defendant has no right, title, estate, lien or interest in the Subject Property, or any part thereof that is adverse to the Trustee.

D.      Authorizing the Trustee to market and sell the estate's interest and the Defendant's interest in the Subject Property, pursuant to 11 U.S.C. 363(h), with the sale price and all other terms thereof subject to further court approval.

E.      Such other and further relief that the Court deems necessary and proper

Dated: November 9, 2022                 **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**


By: _/s/ J. RUSSELL CUNNINGHAM_____
**J. RUSSELL CUNNINGHAM,**
Attorneys for J. Michael Hopper
Chapter 7 Trustee

## VERIFICATION
### (California Code of Civil Procedure §§ 761.020, 446)

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The matters stated in the foregoing complaint are true of my own knowledge, except as to those matters which are therein stated on my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of November 2022, at Davis, California.

J. MICHAEL HOPPER

EXHIBIT A

RECORDING REQUESTED BY

Financial Title Company

AND WHEN RECORDED MAIL TO

Name   Joseph C. Ongaro
Street Address   2518 U Street
  Sacramento, Ca. 95818
City,State Zip
Order No. 42303894-805-MLR

Recorded in the County of Sacramento
Mark Norris, Clerk/Recorder
BOOK **20000107** PAGE **0047**
Friday, JAN 07, 2000   8:17:42 AM
T&l Pd   $7.00   Nbr-0000024123
001-Unincorp. DTT PAID   NWA/03/1-1

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
City of   Sacramento   or ☐ Unincorporated Area
City Conveyance Tax is $ 517.00
Parcel No. 010-0114-007

Documentary Transfer Tax is $ :206.80
☒ computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at
   the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Duncan Melvin Wallace IV, an unmarried man

hereby GRANT(s) to   Joseph C. Ongaro, an unmarried man as to an undivided 60% interest and
Daniel A. Schofield, an unmarried man as to an undivided 40% interest as
tenants in common.

the following real property:

All that certain real property situate in the City of Sacramento, County of Sacramento, State of California,
described as follows:

The West 1/2 of Lot 3, Block bounded by U and V, 25th and 26th Streets of the City of Sacramento.

Dated: January 4, 2000

STATE OF CALIFORNIA
COUNTY OF   Sacramento     } S.S.

On   1-4-2000   before me,

Merry Lynn Rist

a Notary Public in and for said County and State, personally appeared

Duncan Melvin Wallace IV

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Duncan Melvin Wallace IV

MERRY LYNN RIST
COMM. # 1236051
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
COMM. EXP. JULY 16, 2003

MERRY LYNN RIST
COMM. # 1236051
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
COMM. EXP. JULY 16, 2003

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

same as above
Name     Street Address     City & State

# EXHIBIT B

RECORDING REQUESTED BY

**Financial Title Company**

**AND WHEN RECORDED MAIL TO**

Name: **Joseph C. Ongaro**
Street Address: **2518 U Street**
    **Sacramento, Ca. 95818**
City, State Zip:
Order No. **42419159-805-MLR**

Sacramento County Recording
Mark Norris, Clerk/Recorder
BOOK **20031205** PAGE **1834**
Friday, DEC 05, 2003   3:51:43 PM
Ttl Pd   $9.00   Nbr-0002469534

JRH/40/1-1

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
City of <u>Sacramento</u> or ☐ Unincorporated Area
City Conveyance Tax is $
Parcel No. **010-0114-007**

*gift*

Documentary Transfer Tax is $ _None_
☐ computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at
    the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Daniel A. Schofield, an unmarried man

hereby GRANT(s) to

**Joseph Ongaro, an unmarried man**

the following real property:

All that certain real property situate in the City of Sacramento, County of Sacramento, State of California, described as follows:

The West ½ of Lot 3, Block bounded by U and V, 25th and 26th Streets of the City of Sacramento.

Dated: **November 17, 2003**

STATE OF CALIFORNIA
COUNTY OF ___Sacramento___ ) s.s.

On ___11/17/03___ before me,
___Merry Lynn Rist___

a Notary Public in and for said County and State, personally appeared
___Daniel A. Schofield___

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

_____
**Daniel A. Schofield**

MERRY LYNN RIST
COMM. # 1425104
Notary Public-California
SACRAMENTO COUNTY
My Comm. Exp. July 16, 2007

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

| Name | Street Address | City & State |
|---|---|---|

pcor (rev. 051499)

# EXHIBIT C

Recording requested by:

And when recorded, mail this deed and tax
statements to:
Joseph Ongaro
2618 U St
Sac Ca 95818

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20111110** PAGE **1188**
· Check Number 1091
Thursday, NOV 10, 2011  2:37:57 PM
Ttl Pd    $18.00    Rcpt # 0007033125

TML/85/1-1

## GRANT DEED

APN: 010-0114-007-0000

DOCUMENTARY TRANSFER TAX $ Exempt
EXEMPTION (R&T CODE) 1911
EXPLANATION gift to mother
_____ Joseph Ongaro
Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

Joseph Ongaro
hereby grant(s) to Diane M. Bender & Joseph Ongaro, joint tenants

the following real property in the City of Sacramento, County of Sacramento,
California:

The west ½ of parcel # 010-0114-007-0000
lot 3, block bounded by U & V, 2518 U st  Sac Ca 95818
25th & 26th st. City of Sacramento

Date: 11/7/11        _____  Joseph Ongaro
                     (Signature of declarant)

Date: _____       _____
                     (Signature of declarant)

State of California
County of SACRAMENTO

On NOV. 07, 20 11, before me, MARIA CARMELA DE CASTRO TAN, a notary public,
personally appeared JOSEPH C ONGARO, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary


MARIA CARMELA DE CASTRO TAN
Commission # 1841125
Notary Public - California
Sacramento County
My Comm. Expires Mar 20, 2013

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20111110** PAGE **1189**
Check Number 1091
Thursday, NOV 10, 2011  2:37:57 PM
Ttl Pd    $18.00    Rcpt # 0007033126

TML/85/1-1

Recording requested by:

And when recorded, mail to:

Joseph Ongaro
2518 u St
Sac Ca 95818

APN:                                          For recorder's use

## HOMESTEAD DECLARATION

I, ___Joseph Ongaro_____, do hereby certify
and declare as follows:

1.  I hereby claim as a declared homestead the premises located in the City of ___Sacramento___, County of
    ___Sacramento___, State of California, commonly known as:

    ___2518 u St, Sac Ca 95818___
    (street address) , and more particularly described as follows:

    parcel # 010-0114-007-0000

2.  I am the declared homestead owner of the above-declared homestead.

3.  I own the following interest in the above-declared homestead:  _5%_

4.  The above-declared homestead is my principal dwelling. I am currently residing on that declared homestead.

The facts as stated in this Homestead Declaration are known to be true as of my own personal knowledge

Dated  11-2-11

(SIGNATURE)
Joseph Ongaro

STATE OF CALIFORNIA          )
COUNTY OF SACRAMENTO         ) ss.

On  11/7/11  before me, MARIA CARMELA DE CASTRO TAN,
notary public, personally appeared
JOSEPH C ONGARO, who proved to me on
the basis of satisfactory evidence to be the person(s) whose name
(s) is/are subscribed to the within Instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.
Date:  11/7/11

Notary Signature
Maria Carmela De Castro Tan

**NOTARY SEAL**

MARIA CARMELA DE CASTRO TAN
Commission # 1841125
Notary Public - California
Sacramento County
My Comm. Expires Mar 20, 2013

MARIA CARMELA DE CASTRO TAN
Commission # 1841125
Notary Public - California
Sacramento County
My Comm. Expires Mar 20, 2013

# EXHIBIT D

Fill in this information to identify your case:

United States Bankruptcy Court for the:

EASTERN DISTRICT OF CALIFORNIA

| Case number *(if known)* | Chapter you are filing under: |
|---|---|
| | ☑ Chapter 7 |
| | ☐ Chapter 11 |
| | ☐ Chapter 12 |
| | ☐ Chapter 13          ☐ Check if this is an amended filing |

## Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy     04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Joseph**<br>First name<br><br>**Christopher**<br>Middle name | _____<br>First name<br><br>_____<br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Smith**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | Joseph C. Smith<br>FKA Joseph Ongaro<br>Joseph Smith<br>Joseph Christopher Ongaro<br>Joe Smith<br>Joe Ongaro | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-2614 | |

Debtor 1    **Joseph Christopher Smith**          Case number *(if known)* _____

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4.** Any business names and **Employer Identification Numbers (EIN)** you have used in the last 8 years<br><br>Include trade names and *doing business as* names | ☐ I have not used any business name or EINs.<br>**FDBA Midtownsupply916**<br>Business name(s)<br><br>EIN | ☐ I have not used any business name or EINs.<br>Business name(s)<br><br>EIN |
| **5.** Where you live | **2518 U Street**<br>**Sacramento, CA 95818**<br>Number, Street, City, State & ZIP Code<br><br>**Sacramento**<br>County<br><br>If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.<br><br><br>Number, P.O. Box, Street, City, State & ZIP Code | If Debtor 2 lives at a different address:<br><br><br>Number, Street, City, State & ZIP Code<br><br><br>County<br><br>If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.<br><br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** Why you are choosing *this district* to file for bankruptcy | Check one:<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | Check one:<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

Debtor 1    **Joseph Christopher Smith**            Case number *(if known)* _____

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

---

**8.** **How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

- ■ **No.**
- ☐ **Yes.**

| District | When | Case number |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ **No**
- ☐ **Yes.**

| Debtor | | Relationship to you | |
|---|---|---|---|
| District | When | Case number, if known | |
| Debtor | | Relationship to you | |
| District | When | Case number, if known | |

---

**11.** **Do you rent your residence?**

- ■ **No.**   Go to line 12.
- ☐ **Yes.**   Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Debtor 1    **Joseph Christopher Smith** _____    Case number *(if known)* _____

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12.** **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor or a debtor as defined by 11 U.S.C. § 1182(1)*?**

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.    I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____
Number, Street, City, State & Zip Code

Debtor 1    **Joseph Christopher Smith**        Case number *(if known)* _____

**Part 5:**   Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Joseph Christopher Smith**          Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a.** Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.

☐ Yes. Go to line 17.

**16b.** Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☑ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

_____

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**19. How much do you estimate your assets to be worth?**

☑ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____
**Joseph Christopher Smith**
Signature of Debtor 1

_____
Signature of Debtor 2

Executed on    **October 6, 2021**       Executed on _____
           MM / DD / YYYY                  MM / DD / YYYY

Debtor 1    **Joseph Christopher Smith**    Case number *(if known)*

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

|  | Date | **October 6, 2021** |
| Signature of Attorney for Debtor | | MM / DD / YYYY |

**Mark A. Wolff 175570**
Printed name

**Wolff & Wolff**
Firm name

**8861 Williamson Drive, Suite 30**
**Elk Grove, CA 95624**
Number, Street, City, State & ZIP Code

Contact phone   **916 714-5050**      Email address      **attorneys@wolffandwolff.com**

**175570 CA**
Bar number & State

---

# EXHIBIT E

**Fill in this information to identify the case:**

Debtor 1    JOSEPH CHRISTOPHER SMITH

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN    District of    CALIFORNIA

Case number    21-23522

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Department of Treasury - Internal Revenue Service
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

[X] No

[ ] Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Internal Revenue Service
Name

P.O. Box 7346
Number Street

Philadelphia        PA        19101-7346
City State                          ZIP Code

Contact phone    1-800-973-0424

Contact email

Creditor Number:    23321248

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Where should payments to the creditor be sent?** (if different)

Internal Revenue Service
Name

P.O. Box 7317
Number Street

Philadelphia        PA        19101-7317
City State                          ZIP Code

Contact phone    1-800-973-0424

Contact email

**4. Does this claim amend one already filed?**

[X] No

[ ] Yes. Claim number on court claims registry (if known) _____

Filed on _____
          MM / DD    / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[X] No

[ ] Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: See Attachment ____

**7. How much is the claim?** $ 225,585.40

**Does this amount include interest or other charges?**
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

**9. Is all or part of the claim secured?**

☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____
**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☐ No
☒ Yes. Identify the property: See Attachment

Official Form 410     **Proof of Claim**     page 2

Filed 11/10/22
Filed 12/21/21

Case 21-23522
Case 21-23522

Doc 139
Claim 2-1

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes. *Check one:*

|  | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $  145,184.47 |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   12/21/2021
  MM / DD / YYYY

/s/ MARY SEVILLA

Signature

Print the name of the person who is completing and signing this claim:

Name   MARY                                    SEVILLA
     First name          Middle name           Last name

Title   Bankruptcy Specialist

Company   Internal Revenue Service
     Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   915 2nd Avenue, M/S W244
     Number Street
     Seattle                         WA        98174
     City                            State     ZIP Code

Contact phone   (206)946-3131         Email   mary.b.sevilla@irs.gov

Official Form 410                **Proof of Claim**                        page 3

Filed 11/10/22
Filed 12/21/21

Case 21-23522
Case 21-23522

Doc 139
Claim 2-1

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**In the Matter of:** JOSEPH CHRISTOPHER SMITH
AKA JOSEPH CHRISTOPHER ONGARO
2518 U STREET
SACRAMENTO, CA 95818

**Form 410**
Attachment

**Case Number**
21-23522

**Type of Bankruptcy Case**
CHAPTER 7A

**Date of Petition**
10/08/2021

The United States has the right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

## Unsecured Priority Claims — under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-2614 | INCOME | 12/31/2017 | 1 D-ESTIMATED-SEE NOTE | $25,000.00 | $4,150.80 |
| XXX-XX-2614 | INCOME | 12/31/2018 | 1 D-ESTIMATED-SEE NOTE | $35,000.00 | $3,709.38 |
| XXX-XX-2614 | INCOME | 12/31/2019 | 1 D-ESTIMATED-SEE NOTE | $35,000.00 | $1,741.49 |
| XXX-XX-2614 | INCOME | 12/31/2020 | 2 1-ESTIMATED-SEE NOTE | $40,000.00 | $582.80 |
| | | | | $135,000.00 | $10,184.47 |

**Total Amount of Unsecured Priority Claims:** $145,184.47

## Unsecured General Claims

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XXX-XX-2614 | INCOME | 12/31/2015 | 2 D-ESTIMATED-SEE NOTE | $30,000.00 | $7,906.89 |
| XXX-XX-2614 | INCOME | 12/31/2016 | 2 D-ESTIMATED-SEE NOTE | $35,000.00 | $7,494.04 |
| | | | | $65,000.00 | $15,400.93 |

**Total Amount of Unsecured General Claims:** $80,400.93

1 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.
2 LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

# EXHIBIT F

| Fill in this information to identify the case: |
| --- |

Debtor 1    Joseph Christopher Smith

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   ~~Eastern District of California~~  District of

Case number   21-23522-7

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Diane M Bender
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  Diane M Kennedy/Diane M Ongaro

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Diane M Bender
Name

8 Shon Court
Number    Street

Novato              CA        94947
City                State      ZIP Code

Contact phone 415-883-5680

Contact email  info@pmbankruptcy.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City                State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____        Filed on ___ / ___ / ____
                                                                                              MM   /  DD   /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$_____1155000.00_ . Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned to business

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:  UCC-1

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____650000.00_
Amount of the claim that is secured:    $_____1155000.00_

Amount of the claim that is unsecured:  $_____0_ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____1691035.50_

Annual Interest Rate (when case was filed)___10_%
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/16/2022
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Peter G Macaluso | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney at Law | | |
| Company | Law Office of Peter G Macaluso | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 7230 S Land Park Drive Ste. 127 | | |
| | Number        Street | | |
| | Sacramento | CA | 95831 |
| | City | State | ZIP Code |
| Contact phone | 916-392-6591 | Email info@pmbankruptcy.com | |

EXHIBIT G

**Personal Guarantee**

This Personal Guarantee dated December 18, 2018 between Diane M Bender (lender, holder and secured party) and Joseph Smith (guarantor)for loans totaling $1,155,000.00 made by Diane M Bender to Debtors: 2286 Del Monte LLC ($900,000), NorCal Green Ventures LLC ($75,000), D&J Beneficial Holdings LLC ($75,000), and 2286 Del Monte LLC ($75,000).

Using the Homestead act (book 201 111 10 page 1189) and Grant Deed (book 201 111 10 page 1188), I Joseph Smith granted Diane M Bender 95% interest in the property located at 2518 U Street, Sacramento CA 95818 (APN 010-0114-007-0000) and use said property as a guarantee for referenced loans totaling $1,155,000.

If for any reason the above mentioned LLC's are in default to Diane M Bender, she will have the right to sell the property located at 2518 U Street, CA 95818 to recoup her losses.

The guarantor agrees not to pledge, hypothecate, mortgage, sell or otherwise transfer any of the guarantors assets without the prior written consent of the lender.

I, Joseph Smith, to the extent permitted by law, wave all defenses, counterclaims or offsets that are legally available to me with respect to payment of the debt of the debtor.

The lender will be under no obligation to collect or protect such security or the debt, and its neglect or failures to collect or protect the security or the debt is excused. Acceptance of the guarantee is waived.

The lender may grant extensions of time or other indulgences and otherwise deal with the debtor and with other parties and securities as the lender may see fit without in any way limiting or lessening the liability of the guarantor under this agreement.

The lender is hereby authorized at any time , at it's sole discretion and without notice, to take, change, release, or in any way deal with and security securing the debt without in any way impairing the obligations of guarantor.

Any impairment of the security, which the lender may from time to time hold as

Filed 11/10/22
Filed 08/24/22

Case 21-23522
Case 21-23522

Doc 139
Doc 118

security for the debt will in no way operate to discharge the guarantor in whole or part , it being specifically agreed that the lender is not required to exercise diligence to enforce its rights against debtor.

By Joseph Smith on behalf of 2286 Del Monte LLC

By Joseph Smith on behalf of D&J Beneficial Holdings LLC

By Joseph Smith on behalf of NorCal Green Ventures LLC

Diane M Bender, Secured Party

EXHIBIT H

Filed 11/10/22
Filed 08/24/22

Case 21-23522
Case 21-23522

Doc 139
Doc 118

## Note (Interest Only with Balloon Payment—No Prepayment Penalty)

Amount: $75,000.00

December 4th, 2018

D & J Beneficial Holdings, LLC

FOR VALUE RECEIVED, D & J Beneficial Holdings, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of Seventy Five Thousand Dollars ($75,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1. The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2. The term of the Note will be for one year interest only paid. Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3. Monthly payments in the amount of Six Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4. This Note shall mature on January, 1st, 2020, 12 months following the due date for the first payment as set forth in paragraph 3.

5. The parties may mutually agree to extend this Note beyond one year. Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2020 (90 days before the maturity of this Note).

6. This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7. On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8. All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____

On behalf of
D & J Beneficial Holdings, LLC

By _____

Diane M. Bender
Secured Party

# EXHIBIT I

## SECURITY AGREEMENT

**AGREEMENT** dated December 4th, 2018, between 2286 Del Monte, LLC, a California Limited Liability Corporation, whose address is 770 L Street, Suite 950, Sacramento, CA 95814 ("Debtor"), and Diane M. Bender, 8 Shon Court, Novato, CA 94947 ("Secured Party").

1. *Obligation to pay.* Debtor, concurrently with the execution and delivery of this agreement, is borrowing $900,00.00 from Secured Party, the borrowing to be evidenced by Debtor's promissory note bearing this date in that amount.

2. *Collateral.* Debtor desires to enter into this agreement for the purpose of creating a security interest in favor of Secured Party in the equipment described in Exhibit A, annexed, in all additions and accessions thereto, substitutions therefor and all proceeds of their sale or disposition (collectively, the "goods").

3. *Creation of* security interest. Debtor, in order to secure (1) payment of the debt evidenced by the note, including renewals and extensions thereof; (2) all costs and expenses incurred in collection of the note; and (3) all future advances made by Secured Party for taxes, levies, insurance, and repairs to or maintenance of the goods, hereby grants to Secured Party a security interest in the goods.

Until default hereunder, Debtor shall be entitled to the possession of the goods and to use and enjoy them.

4. *Debtor's warranties and agreements.* Debtor warrants and agrees that:

(a) *Title.* The goods are or will be owned by Debtor and are not subject to any security interest except that created by this agreement, or to any liens or encumbrances, and Debtor will defend the goods against the claims and demands for all persons.

(b) *Transfer.* Debtor will not sell, exchange, lease, encumber or pledge the goods, create any security interest therein (except that created by this agreement), or otherwise dispose of the goods or any of Debtor's rights therein or under this agreement without Secured Party's prior written consent.

(c) *Maintenance, taxes.* Debtor will maintain the goods in good condition and repair, reasonable wear and tear excepted, and will pay and discharge all taxes, levies, and other impositions levied on the goods as well as the cost of repairs to or maintenance of the same; if Debtor fails to pay such sums, Secured Party may do so for Debtor's account adding the amount to the secured debt.

(d) *Liens.* Debtor will not permit any other security interest to attach to any of the goods, permit the goods to be levied upon under any legal process, or permit anything to be done

that may impair the value of any of the goods or the security intended to be afforded by this agreement.

(e) *Filings.* Debtor will pay all costs of filing any financing, continuation, or termination statements with respect to the security interest created by this agreement. Secured Party is hereby appointed Debtor's attorney-in-fact to do all acts and things which Secured Party deems necessary to perfect and continue perfected the security interest created by this agreement and to protect the goods. A photographic or other reproduction of this agreement, or any financing statement signed by Debtor, is sufficient as a financing statement.

(f *Place of business.* Debtor will promptly notify Secured Party of any change in the location of any place of business and residence and of the establishment of any new place of business and residence.

5. *Default and remedies.* Any of the following shall constitute an event of default by Debtor: Debtor shall default in payment of the debt referred to in paragraph 1, or with respect to any past or future advances, expenditures, or liabilities secured hereby, or in the due observance or performance of any other condition or agreement hereof; any of Debtor's warranties shall prove to be false or misleading; Debtor shall become insolvent or shall be adjudicated bankrupt; bankruptcy, insolvency, reorganization, arrangement, debt adjustment, liquidation, or receivership proceedings in which Debtor is alleged to be insolvent or unable to pay his debts as they mature, are instituted by or against Debtor, and Debtor shall consent to the same or shall admit in writing the material allegations of the petition filed in such proceedings, or the proceedings are not dismissed within the time permitted for the posting of bond and no bond shall have been posted in the matter. If any such event of default shall occur, Secured Party may declare the unpaid balance of the debt and all advances, expenditures, and liabilities immediately due and payable without demand or notice, and may enter judgment on such note or otherwise reduce the debt, advances, expenditures, or liabilities to judgment. In addition to the foregoing, Secured Party may exercise any one or more of the rights and remedies available to a secured party under the Uniform Commercial Code in force in the State of Pennsylvania.

6. *Severability.* If any provision hereof is held to be invalid or unenforceable, such determination shall not affect the validity of the remaining provisions hereof.

7. *Binding effect.* The rights and privileges of Secured Party under this agreement shall inure to the benefit of its successors and assigns. All covenants, warranties, and agreements of Debtor in this agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

8. *Merger.* The parties intend this statement of their agreement to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, it is the sole repository of their agreement and they are not bound by any other agreements of whatsoever kind or nature. The parties also intend that this complete, exclusive, and fully

integrated statement of their agreement may not be supplemented or explained (interpreted) by any evidence of trade usage or course of dealing.

9. *Choice of Law*. Any and all matters of dispute between the parties to this agreement, whether arising from the agreement itself or arising from alleged extracontractual matters occurring prior to, during, or subsequent to the formation of the agreement, including, without limitation, fraud, misrepresentation, negligence, or any other alleged tort or violation of the contract, shall be governed by, construed, and enforced in accordance with the laws of the state of California, regardless of the legal theory upon which such matter is asserted. Jurisdiction shall be venued in the Sacramento Superior Court.

10. *Anti-Assignment*. The rights and duties under this contract may neither be assigned nor delegated. The parties hereby agree (1) not to assign their rights or delegate their duties, and (2) the parties further agree to surrender any power to assign their rights or delegate their duties as of the moment of formation of this contract. Any attempt by either party to assign any right or delegate any duty under this contract shall be null and void.

Witness the execution hereof the day and year first above written.

by _____

On behalf of 2286 Del Monte, LLC

by _____

Diane M. Bender
Secured Party

## EXHIBIT A

- ChemTech Services KD-10  (serial number pending)
    - Edwards e2m-40
    - edwards EH-250 blower
    - misc associated equipment to operate kd-10
- ChemTech Services KD-10  (serial number pending)
    - Edwards e2m-40
    - edwards EH-250 blower
    - misc associated equipment to operate kd-10
- (2) Pinnacle Rising Film Evaporators (serial number pending)
    - Sussman boiler
    - Sussman Steam Recovery Unit
- Heidolph 20L Rotovap (serial number pending)
    - Accompanying chiller and pump
- Heidolph 20L Rotovap (serial number pending)
    - Accompanying chiller and pump
- (2) Delta Separation Cup-15's and associated kegs, lenticular filters, control panel
- Two Julabo Chillers (new)
- Two Across International 50L reactors and associated chillers and heaters
- (6) 60 gallon solvent storage cabinets
- (3) used Revco stand-up freezers
- (2) Sambo Creek filters 630mm and associated equipement
    - Dewalt Air compressor
- Wesco DM-1100 Manual Hydraulic Ergo Drum Lifter

Filed 11/10/22
Filed 08/24/22

Case 21-23522
Case 21-23522

Doc 139
Doc 118

- Toyota Fork Lift

- Labconco Steam Scrubber
- (2) Elmasonic X-tra 550 LSM Ultrasonic Cleaner and associated equipment
- (4) refurbished e2m28/30
- (3) diffusion pumps and controller
  - variety of sizes
- (2) turbo molecular pumps
  - Various sizes

EXHIBIT J

### Consolidation of Prior Notes

### (Interest Only with Balloon Payment—No Prepayment Penalty)

Amount: $105,000.00

December 4th, 2018

2286 Del Monte, LLC

FOR VALUE RECEIVED, 2286 Del Monte, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of One Hundred and Five Thousand Dollars ($105,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1. The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2. The term of the Note will be for one year with interest only paid. Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3. Monthly payments in the amount of Eight Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4. This Note shall mature on January 1st, 20120, 12 months following the due date for the first payment as set forth in paragraph 3.

5. The parties may mutually agree to extend this Note beyond one year. Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2019 (90 days before the maturity of this Note).

6. This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7. On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8. All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____

    On behalf of
    2286 Del Monte, LLC

By _____

    Diane M. Bender
    Secured Party

EXHIBIT K

## Note (Interest Only with Balloon Payment—No Prepayment Penalty)

Amount: $75,000.00

December 4th, 2018

Norcal Green Ventures, LLC

FOR VALUE RECEIVED, Norcal Green Ventures, LLC, the undersigned, promise to pay to the order of Diane M. Bender (Holder and Secured Party) the sum of Seventy Five Thousand Dollars ($75,000.00) together with interest thereon at the rate of 10% per annum payable as follows:

1. The principal amount of the loan is secured by a separate agreement, dated and signed contemporaneously with this note and the filing of a UCC-1 by the Holder and Secured Party.

2. The term of the Note will be for one year interest only paid. Unless extended by agreement of the parties, the balloon payment will be due contemporaneous with the 12th scheduled payment.

3. Monthly payments in the amount of Six Hundred and Seventy Five dollars and shall commence on January 1st, 2019 and payments are due thereafter on or before the first day of each month thereafter.

4. This Note shall mature on January, 1st, 2020, 12 months following the due date for the first payment as set forth in paragraph 3.

5. The parties may mutually agree to extend this Note beyond one year. Unless agreed otherwise by the parties in writing, any negotiations to extend the term of this Note shall be concluded by October 1st, 2020 (90 days before the maturity of this Note).

6. This Note may be prepaid in whole or in part at any time without premium or penalty. All prepayments shall be applied first to interest, then to principal payments in the order of their maturity.

7. On default in payment of any installment when due, the whole of the sum then remaining unpaid and all accrued interest will, at the option of the holder, become immediately due and payable, without demand or notice.

8. All payments shall be made at 8 Shon Court, Novato, CA 94947, or at such other place as the holder hereof may from time to time designate in writing.

This note shall be construed by and be governed by the law of the State of California. The state courts of the State of California shall have sole and exclusive jurisdiction over any dispute arising from this note.

By _____
On behalf of
Norcal Green Ventures, LLC

By _____
Diane M. Bender
Secured Party