**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Joseph Christopher Smith

**Case No.:** 21-23522 - A - 7

**Docket Control No.** WW-5
**Date:** 12/12/2022
**Time:** 9:00 AM

**Matter:** [125] - Motion/Application to Compel Abandonment [WW-5] Filed by Debtor Joseph Christopher Smith (Fee Paid $0.00) (eFilingID: 7137296) (isaf)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Janice Busch
**Reporter:** Not Recorded
**Department:** A

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

**Motion:** Compel Abandonment of Property of the Estate
**Notice:** Continued from October 31, 2022
**Disposition:** Denied without prejudice
**Order:** Civil Minute Order

**Subject:** 2518 U Street, Sacramento, California

**ORAL ARGUMENT NOT NECESSARY**

The issues in this matter having been sufficiently briefed by the debtor and the Chapter 7 trustee, the court finds that the matter does not require oral argument. LBR 9014-1(h); *Morrow v. Topping,* 437 F.2d 1155, 1156 (9th Cir. 1971) (approving local rules that authorize disposition without oral argument).

The hearing on the debtor's motion to compel abandonment of the estate's interest in the subject property was continued from October 31, 2022, to allow the Chapter 7 trustee to file a statement of position.

J. Michael Hopper, the Chapter 7 trustee, has responded to the motion. *See* Response, ECF No. 135. The debtor has exempted a partial interest (5%) in the subject property. The remaining interest (95%) is claimed by the debtor's mother, Diane Bender. Ms. Bender has filed a claim in this case, Claim No. 8. The trustee has commenced an adversary proceeding against Diane Bender to avoid the transfer effected by a 2011 Deed conveying 95% of the debtor's prior interest in the subject property to Ms. Bender, and authorize the sale of Bender's remaining interest in the subject property, if any. See Adversary Complaint, 22-02103, E.D. Cal. Bankr. (2022), ECF No. 1.

Given the Chapter 7 trustee's response and adversary complaint the motion to compel abandonment is premature. The court will deny the motion without prejudice pending the outcome of the adversary proceeding.